# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHERYL MYERS, | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) No. 12-4005-KHV |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff filed this action pro se against the United States of America for violations of the Internal Revenue Code, 26 U.S.C. §§ 7432, 7433, alleging that the Internal Revenue Service ("IRS") engaged in unauthorized collection actions against her in connection with certain income tax returns, and wrongfully failed to release a lien on her property. On October 11, 2013, the Court filed a memorandum and order which sustained defendant's motion to dismiss, overruled plaintiff's request to amend her complaint and overruled plaintiff's motion to strike defendant's motion to dismiss. See Memorandum And Order (Doc. #27). On November 13, 2013, the Court entered judgment for defendant. See Doc. #32. This matter comes before the Court on Plaintiff's Rule 59(e) Motion To Alter And Amend The October 11, 2013 Memorandum And Order (Doc. #30), filed pro se by plaintiff on November 8, 2013. Plaintiff's motion asks the Court to alter and amend its order dismissing the complaint.[1] For reasons set forth below, the Court finds that plaintiff's motion should be overruled.

---

[1] After the Court entered judgment, on December 11, 2013, plaintiff filed Plaintiff's Rule 59(e) Motion To Alter, Amend And Rescind The November 13, 2013 Judgment In A Civil Case (Doc. #35). This document is identical to plaintiff's earlier motion (Doc. #30), but it also asks the Court to rescind its judgment.

**Legal Standards**

Under Rule 59(e), the Court has discretion to reconsider a final decision if the moving party can establish (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). Rule 59(e) does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier. Brown v. Presbyterian Healthcare Servs., 101 F.3d 1324, 1332 (10th Cir. 1996). A party's failure to present its strongest case in the first instance does not entitle her to a second chance in the form of a motion to reconsider. Cline v. S. Star Cent. Gas Pipeline, Inc., 370 F. Supp. 2d 1130, 1132 (D. Kan. 2005).

**Factual And Procedural Background**

Plaintiff's pro se complaint incorporates a 51-page administrative claim in which plaintiff recounts in largely chronological order her inability to obtain credit from the IRS for estimated tax payments she allegedly made for tax years 1997 and 1998. Plaintiff summarizes her facts and claims as follows:

> Plaintiff claims violations as a result of . . . IRS reckless and intentional collection tactics perpetrated in illegal disregard of the Internal Revenue Code, ("IRC"), and regulations promulgated by the IRC.
>
> Plaintiff also claims violations as a result of the United States' use of IRS as an instrumentality to perpetuate the on-going, invidious collusion between the United States, ("US"), and Michael Barton Myers, ("Myers"), and the use of IRS as an instrumentality to perpetuate the plans, secret pacts, and secret settlements the US and Myers' [sic] collusively devised to implement overt acts employing the threat and/or use of violence and/or use of other criminal means intended to harm and which continue to harm Plaintiff's physical person, reputation and property.
>
> All of the claims, events, and damages set forth herein, taken individually and together, evidence a decade of illegal pattern and practice of reckless and intentional violation of

-2-

§ 7433 and illegal pattern and practice of harassment and abuse as defined in § 6304(b). Complaint (Doc. #1) filed Jan. 9, 2012 at ¶¶ 11-13. Defendant moved to dismiss the complaint because (1) plaintiff had not established that this Court has subject matter jurisdiction over her claims, (2) defendant had not waived its sovereign immunity for any claims that accrued before January 9, 2010, (3) plaintiff's allegations concerned the assessment of her taxes, rather than collection thereof, and thus plaintiff had not stated a claim upon which relief may be granted under 26 U.S.C. § 7433 and (4) plaintiff failed to exhaust administrative remedies. See United States' Motion To Dismiss Plaintiff's Complaint (Doc. #12) filed August 8, 2012.

In sustaining defendant's motion to dismiss, the Court concluded that plaintiff had failed to allege facts which showed how defendant engaged in conduct "the natural consequence of which [was] to harass, oppress, or abuse" plaintiff in connection with the collection of her unpaid tax. 26 U.S.C. § 6304(b). Because plaintiff did not satisfy the pleading requirements of Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007), with respect to Section 6304, she did not state a claim under Section 7433. The Court further concluded that plaintiff did not state a claim "in connection with any collection of Federal tax," see 26 U.S.C. § 7433(a), because her complaint did not address any collection activities by the IRS but instead alleged a faulty basis for her underlying tax assessment and the amount of tax due. As for certain conduct that preceded early 2010, the statute of limitations precluded a claim under Section 7433, and the complaint was wholly devoid of facts alleging a conspiracy.

The Court considered and rejected the possibility that plaintiff might have stated an alternative theory for relief under Section 7432. The Court rejected plaintiff's motion to amend because plaintiff did not attach a proposed amended complaint required by D. Kan. R. 15.1, and it did not seem likely that by amendment, plaintiff could overcome the fatal jurisdictional flaws in her complaint. Finally, the

Court rejected as unsupported plaintiff's motion to strike defendant's motion to dismiss. See Memorandum And Order (Doc. #27) filed October 11, 2013.

## Analysis

Plaintiff complains that the Court failed to recognize or consider many facts in her complaint regarding IRS collection activities. Most of plaintiff's motion is devoted to yet another recitation of the allegations in her complaint and administrative claim. As these allegations were before the Court on defendant's motion to dismiss, the Court will not revisit them.

Plaintiff also argues that her "real case" is not one under Section 7433, but that even if it were, she has made a "powerful and dispositive claim" for relief under that statute. Plaintiff also asserts that she exhausted administrative remedies. As to all of her arguments, however, plaintiff offers no new theories which she could not have raised in opposition to defendant's motion to dismiss. For these reasons, and for substantially the reasons set forth in United States' Brief In Opposition To Plaintiff's Motion To Alter And Amend Judgment (Doc. #33) filed November 22, 3013, the Court finds that plaintiff's motion to alter and amend should be overruled.

**IT IS THEREFORE ORDERED** that Plaintiff's Rule 59(e) Motion To Alter And Amend The October 11, 2013 Memorandum And Order (Doc. #30), filed November 8, 2013, and Plaintiff's Rule 59(e) Motion To Alter, Amend And Rescind The November 13, 2013 Judgment In A Civil Case (Doc. #35) filed December 11, 2013 be and hereby are **OVERRULED**.

Dated this 7th day of January, 2014 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge
